UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Beneficial Loan and Thrift Co.,            Civil No. 12-1475 (PAM/LIB)

    Plaintiff,

v.                                **MEMORANDUM AND ORDER**

Sandra Joy Robinson, John
Doe and Mary Roe,

    Defendants.

---

This matter is before the Court on Defendant Sandra Joy Robinson's Notice of Removal. (Docket No. 1.) Because the Court lacks subject matter jurisdiction over the claims in the underlying state-court complaint, the matter must be remanded to state court.

On June 20, 2012, Defendant Sandra Joy Robinson purported to remove to this Court a Pine County lawsuit filed against her by Beneficial Loan and Thrift Company, a Minnesota bank. The lawsuit is one for eviction, and claims that Beneficial foreclosed on certain real property in Pine City, Minnesota, and that Robinson is in possession of the property. Robinson states in her Notice of Removal that the state court issued an order to vacate the premises on June 1, 2012. (Notice of Removal (Docket No. 1) at 1.)

In her Notice of Removal, Robinson contends that the state court's actions violated her constitutional right to trial by jury and therefore posed a federal question. She asserts that the action was thus removable under 28 U.S.C. § 1446(b).

"[F]ederal courts are courts of limited, not general, jurisdiction." McAdams v. McCord, 533 F.3d 924, 927 (8th Cir. 2008). "It is well established that a court has a special

obligation to consider whether it has subject matter jurisdiction in every case." Hart v. United States, 630 F. 3d 1085, 1089 (8th Cir. 2011). Thus, where the Court "believe[s] that jurisdiction may be lacking" it has the responsibility "to consider sua sponte [its] jurisdiction to entertain a case." Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010).

Here, there is no federal question jurisdiction on the face of the state court eviction complaint. "The 'well-pleaded complaint rule' requires that a federal cause of action must be stated on the face of the complaint before the defendant may remove the action based on federal question jurisdiction." Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996). "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . ." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (emphasis in original). Even if Robinson could establish a constitutional violation on the basis of the state-court eviction action, which is highly doubtful, that violation is a defense to Beneficial's state-law claims, and therefore cannot give rise to a removable federal question.

The Court has an obligation to determine whether it may exercise subject matter jurisdiction over any action brought before it. There is no subject matter jurisdiction in this case and it must therefore be remanded to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

Accordingly, **IT IS HEREBY ORDERED that** this matter be **REMANDED** to the Minnesota District Court for the 10th Judicial District, Pine County.

Dated:   July 2, 2012

                                          *s/Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge